**ADRIAN, Inc., v. CLARK, Director, Division of Liquidation, Department of Commerce.**

**No. 421.**

United States Emergency Court of Appeals.

Heard at Los Angeles Oct. 27, 1947.

Decided Nov. 25, 1947.

Gordon F. Hampton, of Los Angeles, Cal. (Arthur H. Deibert, Dempsey, Thayer, Deibert & Kumler and Sheppard, Mullin, Richter & Balthis, all of Los Angeles, Cal., on the brief), for complainant.

Charles G. Mulligan, Atty., Dept. of Justice, of Washington, D. C. (Tom C. Clark, Atty. Gen., T. Vincent Quinn, Asst. Atty. Gen., and Floyd L. Cook and Harry H. Schneider, Attys., Dept. of Justice, and Irving J. Helman, Gen. Counsel, and Israel Convisser and Bernard Goodkind, Attys., Liquidation Division, Dept. of Commerce, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

MARIS, Chief Judge.

For the second time we are called upon to review a determination by the Temporary Controls Administrator under Section 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e). In Korach Bros. v. Clark, 165 F.2d 218, decided this day, we have construed the statutory provisions in question and have held that the complainant in that case failed to meet the conditions for relief which the statute imposes because it had no customary pricing patterns which could have been distorted by the impact of Revised Maximum Price Regulation No. 287, the regulation applicable to it. The same ruling must be made in the case now before us and for the same reasons since the present complainant's situation is in these respects indistinguishable from that of Korach Bros.

In the present case the complainant corporation was formed in September 1941 and did not get into production until early in 1942. It thus clearly could not have had a customary pricing pattern in March 1942 which could have been distorted by the application of the highest price line limitations of RMPR 287. It follows that the Administrator did not err in denying the complainant's application for relief under the last paragraph of Section 205(e).

A judgment will be entered dismissing the complaint.