**HAL–MAR DRESS CO. v. CLARK, Director, Division of Liquidation, Department of Commerce.**

**No. 427.**

United States Emergency Court of Appeals.

Heard at St. Louis Oct. 24, 1947.

Decided Nov. 25, 1947.

Howard Elliott, Joseph Chused, and Taylor Sandison, all of St. Louis, Mo. (Boyle, Priest & Elliott, Kramer & Chused and Simon Reznikoff, all of St. Louis, Mo., on the brief), for complainants.

Charles G. Mulligan, Atty., Dept. of Justice, of Washington, D. C. (Tom C. Clark, Atty. Gen., T. Vincent Quinn, Asst. Atty. Gen., and Floyd L. Cook and Harry H. Schneider, Attys., Dept. of Justice, both of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

MARIS, Chief Judge.

For the third time today [1] we are called upon to review a determination under Section 205(e) of the Emergency Price Control Act as amended by the Price Control Extension Act of 1946, 50 U.S.C.A.Appendix, § 925(e). But in this case we do not reach the merits because we are of opinion that the Director of the Division of Liquidation of the Department of Commerce, who made the determination which the complainants ask us to review, had no authority to do so. We are, therefore, without power to review his purported de-termination. Our reasons for reaching this conclusion will be stated.

The last paragraph of Section 205(e), with which we are here concerned, provides that "The Administrator shall not institute or maintain any enforcement action under this subsection against any manufacturer of apparel items where the Administrator shall determine" that the conditions laid down in the section are present in the defendant's case. The Administrator thus referred to was the Price Administrator. On December 12, 1946, his office was terminated and his remaining powers and duties were transferred to the Temporary Controls Administrator by Executive Order No. 9809, 50 U.S.C.A.Appendix, § 601 note.[2]

On June 1, 1947 the office of the Temporary Controls Administrator was terminated by Executive Order No. 9841, 50 U.S.C.A.Appendix, § 601 note,[3] and by that order and Executive Order No. 9842, 50 U.S.C.A.Appendix, § 925 note,[4] his functions were transferred to other existing agencies. No specific reference to his functions under Section 205(e) was made in either order but it is clear that the Administrator's duties under the last paragraph of that section were transferred under one or the other of the two provisions to which we shall now refer.

Executive Order No. 9842 provides in part, as follows:

"1. The Attorney General is authorized and directed, in the name of the United States or otherwise as permitted by law, to coordinate, conduct, initiate, maintain or defend:

*       *       *       *       *       *

"(b) Litigation against violators of regulations, schedules or orders relating to maximum prices pertaining to any commodity which has been removed from price control;

*       *       *       *       *       *

"2. Nothing herein shall be deemed to restrict or limit the powers conferred upon the Attorney General by law with respect to the conduct, settlement, disposition or review of litigation."

[1] The two other cases are Korach Bros. v. Clark, 165 F.2d 218, and Adrian, Inc. v. Clark, Em.App., 165 F.2d 222.

[2] 11 F.R. 14281.
[3] 12 F.R. 2645.
[4] 12 F.R. 2646.

Executive Order No. 9841 contains the following provision:

"302. All functions vested in the Temporary Controls Administrator by Executive Order No. 9809 not otherwise disposed of by statute or by this or any other Executive Order are transferred to the Secretary of Commerce and shall be performed by him or, subject to his direction and control, by such officers or agencies of the Department of Commerce as the Secretary may designate. * * *"

It appears that the Attorney General has taken over from the Temporary Controls Administrator the conduct of the suit for treble damages for violation of Maximum Price Regulation 287 which had been instituted against the defendant, an apparel manufacturer, in the United States District Court for the Eastern District of Missouri. This was the suit brought under Section 205(e) with respect to which the determination here in question was sought. In that suit, on the Attorney General's motion, the United States has been substituted as plaintiff in place of the Temporary Controls Administrator. It will thus be seen that the Attorney General is presently engaged in maintaining that suit pursuant to the authority conferred on him by Executive Order No. 9842.

If, as is evident, the Attorney General has succeeded to the Administrator's function of maintaining the suit he has necessarily acquired also the discretionary authority to settle or dismiss it. Paragraph 2 of Executive Order No. 9842 makes this perfectly clear. In exercising his discretion in this respect the Attorney General must, of course, make determinations in the light of many factors, including among them the facts of the case as disclosed by his investigations. But the last paragraph of Section 205(e) provides, as we have observed, that the Administrator shall not maintain any enforcement action under that subsection against any apparel manufacturer where the Administrator determines that the facts of the case meet the conditions specified in the statute. We think that this determination is likewise one which the Attorney General must make in discharging the duty imposed upon him by the Executive Order. For the statute imposes the duty of making the determination upon the same officer who is charged with the discretionary power to maintain the suit. Indeed it would have been rather anomalous if the duty of making this determination, which the statute requires and which might compel the dismissal of the suit, had not been conferred upon the officer to whom was given the power generally to decide whether or not the suit should be maintained or dismissed.

Our conclusion is that the duty to make the determination called for by the last paragraph of Section 205(e) was transferred to the Attorney General under Executive Order No. 9842 and, therefore, did not pass to the Secretary of Commerce under the residuary clause of Paragraph 302 of Executive Order No. 9841. It follows, as stated at the outset, that the Director of the Division of Liquidation of the Department of Commerce, whom the Secretary of Commerce designated to perform his functions under Executive Order No. 9841, had no authority to make the determination here sought to be reviewed.

We may add that the record indicates that the complainant's application for a determination under Section 205(e) was properly submitted to and received by the Temporary Controls Administrator who appointed a board of review to consider it before his office was terminated on June 1, 1947. The Attorney General is, therefore, now in position to take under consideration the complainants' original application, the evidence presented to the Administrator in support of it, and the report of the board of review upon it, and thereupon to make at this time a proper determination under Section 205(e).

A judgment will be entered dismissing the complaint.