UNITED STATES *v.* ALLIED OIL CORP. ET AL.

No. 364.   Argued March 6, 1951.—Decided April 9, 1951.

*Robert W. Ginnane* argued the cause for the United States.   With him on the brief were *Solicitor General Perlman, Acting Assistant Attorney General Clapp, Paul A. Sweeney* and *Melvin Richter.*

*Thomas J. Downs* and *Theodore R. Sherwin* argued the cause for respondents.   With them on the brief were *Julius L. Sherwin,* *Michael F. Mulcahy* and *Henry W. Dieringer.*

1

MR. JUSTICE BLACK delivered the opinion of the Court.

Section 205 (e) of the Emergency Price Control Act of 1942, as amended, authorized the Price Administrator under certain circumstances to institute damage actions against sellers of commodities who charged more than prescribed ceiling prices.[1]  Pursuant to this section, the consolidated cases now before us were brought in the District Court by the Administrator in his own name "for and on behalf of the United States," and were properly pending there on April 23, 1947.[2]  On that day the President, in connection with the termination of price controls, promulgated Executive Orders Nos. 9841 and 9842:[3] No. 9841, among other things, transferred various price administration functions to the Secretary of Commerce; No. 9842, so far as here material, authorized the Attorney General to conduct certain § 205 (e) litigation "in the name of the United States or otherwise as permitted by law . . . ."  In view of these orders the Attorney General promptly moved to substitute the United States as party plaintiff in the present proceedings.  Although the district judge granted the motion, he dismissed the complaints in 1950 on the ground that there had been an

---

[1] 56 Stat. 33, as amended, 58 Stat. 640, 50 U. S. C. App. § 925 (e): "If . . . the buyer either fails to institute an action . . . within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States . . . ."

[2] Actually, one of these six consolidated actions was instituted "for and on behalf of the United States" in the name of Philip B. Fleming, Administrator of the Office of Temporary Controls after he had become the successor to the Price Administrator.  On April 23, 1947, all six suits were properly pending in Fleming's name.  See *Fleming* v. *Mohawk Co.,* 331 U. S. 111, 113–119.  The manner in which he became the successor of the Price Administrator is detailed by the Court of Appeals in its opinion below.  *United States* v. *Allied Oil Corp.,* 183 F. 2d 453.

[3] 12 Fed. Reg. 2645, 2646.

improper substitution because the suits could not be maintained in the name of the United States.[4]  The Court of Appeals affirmed.  183 F. 2d 453.  It held that the President in his Executive Orders did not intend to authorize conduct of § 205 (e) actions in the name of the United States.  A belief that the President had no power to do so led the court to this conclusion.  To resolve the conflict between the decision and those from other circuits,[5] we granted certiorari.  340 U. S. 895.

We hold that it was error to construe the Executive Orders as not allowing maintenance of these suits in the name of the United States.  It is true that Order No. 9841 which transferred various OPA functions to the Secretary of Commerce empowered the Secretary to "institute, maintain, or defend *in his own name* civil proceedings in any court . . ., relating to the matters transferred to him, including any such proceedings pending on the effective date of the transfer . . . ."  (Emphasis added.)[6]  But this provision demonstrates no purpose to

---

[4] The ruling was that the Secretary of Commerce was the real party-in-interest plaintiff and that the actions had abated for failure to substitute the Secretary within six months as required by Rule 25 (d), Fed. Rules Civ. Proc.

[5] *Fleming* v. *Goodwin,* 165 F. 2d 334; *United States* v. *Koike,* 164 F. 2d 155; *Northwestern Lbr. & Shingle Co.* v. *United States,* 170 F. 2d 692.

[6] Executive Order No. 9841, § 402 provides: "Functions under the Emergency Price Control Act of 1942, as amended, transferred under the provisions of this order shall be deemed to include authority on the part of each officer to whom such functions are transferred hereunder to institute, maintain, or defend in his own name civil proceedings in any court (including the Emergency Court of Appeals), relating to the matters transferred to him, including any such proceedings pending on the effective date of the transfer of any such function under this order.  The provisions of this paragraph shall be subject to the provisions of the Executive order entitled 'Conduct of Certain Litigation Arising under Wartime Legislation,' [Order No. 9842] issued on the date of this order . . . ."

vest exclusive power in the Secretary to maintain all § 205 (e) enforcement actions. By its express terms it is made subject to Executive Order 9842 [7] which directs the Attorney General to "coordinate, conduct, initiate, maintain or defend" litigation against violators of price control "in the name of the United States or otherwise as permitted by law . . . ." [8] All interested government agencies have construed the two orders together as authorizing the Attorney General to carry on § 205 (e) enforcement cases and to do so in the name of the United States. The Emergency Court of Appeals and other courts of appeal have taken the same view.[9] We believe that such a reading of the orders is the most reasonable construction of the language employed.

The substitution of the United States in these cases therefore was proper unless, as the Court of Appeals thought, the President lacked power to authorize it. The view below was that § 205 (e) of the Price Control Act permitted enforcement suits to be brought only in the name of the Price Administrator, or, when the bulk of his duties were transferred to the Secretary of Commerce, in the name of the latter. Such a conclusion, however, is certainly not compelled by the section which provides

---

[7] See Executive Order No. 9841, § 402, note 6, *supra.*

[8] Executive Order No. 9842 provides: "1. The Attorney General is authorized and directed, in the name of the United States or otherwise as permitted by law, to coordinate, conduct, initiate, maintain or defend:

.     .     .     .     .

"(b) Litigation against violators of regulations, schedules or orders relating to maximum prices pertaining to any commodity which has been removed from price control . . . ."

Price controls had been lifted on the commodities involved in the present actions prior to the promulgation of Executive Orders Nos. 9841 and 9842.

[9] *Hal-Mar Dress Co.* v. *Clark,* 165 F. 2d 222, and cases cited note 5, *supra.*

merely for the bringing of actions by "the Administrator . . . on behalf of the United States . . . ." There can be no question but that the President as a step in the winding-up process had power to transfer any or all of the price administration functions to the Attorney General. *Fleming* v. *Mohawk Co.*, 331 U. S. 111, 113–119. Accordingly, Executive Order 9842 could lawfully delegate the control and direction of the present actions to that official. Moreover, nothing in § 205 (e) prevents the Attorney General, who is customarily charged with representing the Government's interests in court, from following his normal procedure of maintaining enforcement suits in the name of the United States itself.[10] No unfairness to the defendants will result. Regardless of captions, the issues in these cases could not change and the real party-in-interest plaintiff has always been the same. Cf. *United States* v. *Remund*, 330 U. S. 539, 542–543. The handling of this litigation in the name of the United States is a fair and orderly method for carrying out the congressional mandate to wind up the OPA affairs. These cases should not have been dismissed.[11]

*Reversed.*

MR. JUSTICE DOUGLAS and MR. JUSTICE CLARK took no part in the consideration or decision of this case.

---

[10] Cf. *United States* v. *California*, 332 U. S. 19, 27–28; *United States* v. *San Jacinto Tin Co.*, 125 U. S. 273, 279.

[11] Respondents have contended in their brief that by virtue of 28 U. S. C. § 2105 the orders of the District Court dismissing these actions as abated were not subject to review. This contention is untenable in view of the recent decision in *Snyder* v. *Buck*, 340 U. S. 15, 21–22.