The CITY OF MORGANTOWN, WEST VIRGINIA, A Municipal Corporation, Acting By and Through The MORGANTOWN SANITARY BOARD, Plaintiff,

v.

KELLEY, GIDLEY, BLAIR & WOLFE, INC., A Corporation, ASR Multi Construction, Inc., A Corporation, Autotrol Corp., A Corporation, and the F.B. Leopold Company, Inc., A Corporation, Defendants.

No. C/A 86–0013–C.

United States District Court,
N.D. West Virginia,
Clarksburg Division.

July 3, 1986.

Mike Magro, Kenneth E. Kincaid, Morgantown, W.Va., Christopher Buckley, Jr., Washington, D.C., for plaintiff.

Jacques R. Williams, Morgantown, W.Va., Diana Everett, Parkersburg, W.Va., Alfred J. Lemley, Fairmont, W.Va., James C. West, Jr., Clarksburg, W.Va., W.T. Weber, Jr., Weston, W.Va., and James M. Wilson, Clarksburg, W.Va., for defendants.

ORDER

MAXWELL, District Judge.

This civil action was commenced by the plaintiff City of Morgantown ("City") in the Circuit Court of Monongalia County, West Virginia against Kelley, Gidley, Blair & Wolfe ("KGB & W"), a West Virginia resident, and ASR Multi Construction, Inc. ("ASR"), Autotrol Corp. ("Autotrol") and The F.B. Leopold Company, Inc. ("Leopold"), all non-resident defendants. Under several theories of violations of state law, the complaint alleges that the defendants breached the various agreements and warranties by, *inter alia,* improperly designing and constructing improvements and selling defective equipment to the City's Wastewater Treatment Plant. The plaintiff seeks compensation from the defendants for the indirect, incidental and consequential damages allegedly suffered. Defendant Autotrol removed this action to this Court by petition for removal filed pursuant to 28

U.S.C. § 1441(c) [1], "on the grounds that the plaintiff's claim against the petitioner is separate and independent from those claims it has brought against..." the other defendants. *Petition for Removal*, ¶ 3. Plaintiff then filed the pending Motion to Remand.

*American Fire & Casualty Company v. Finn*, 341 U.S. 1, 71 S.Ct. 544, 95 L.Ed. 697 (1951), the Supreme Court's only consideration of 28 U.S.C. § 1441(c), is the leading judicial construction of the "separate and independant claim or cause of action." To determine whether the claim against Autotrol is "a separate and independent claim or cause of action" within the meaning of § 1441(c), this Court must apply the teachings of the *Finn* case. The Court in *Finn* reviewed the legislative history of the statute and concluded:

> "The Congress, in the revision, carried out its purpose to abridge the right of removal. Under the former provision, 28 U.S.C. (1946 ed.) § 71, separable controversies authorized removal of the suit. 'Controversy' had long been associated in legal thinking with 'case.' It covered all disputes that might come before federal courts for adjudication. In § 71 the removable 'controversy' was interpreted as any possible separate suit that a litigant might properly bring in a federal court so long as it was wholly between citizens of different states. So, before the revision, when a suit in a state court had such a separable federally cognizable controversy, the entire suit might be removed to the federal court.

> "A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independant claim or cause of action. Compare *Barney v. Latham*, 103 [13 OTTO] U.S. 205, 212 [26 L.Ed. 514,] with the revised § 1441. Congress has authorized removal now under § 1441(c) only when there is a separate and independant claim or

cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal."

*Id.* 10–12, 71 S.Ct. 538–539. (footnotes omitted).

In *Finn*, removal was held improper where relief for the single wrong of a failure to pay for the property lost by fire was demanded alternatively from one alleged insurer on its policy, or from another alleged insurer on its policy, or from the insurance agent and both insurers for the failure to notify plaintiff of the policy cancellation. The Court concluded that:

> "where there is a single wrong to plaintiff, to which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

*Id.* 14, 71 S.Ct. 540 (footnote omitted).

Upon a careful examination of the allegations set forth in the complaint, the Court concludes that the claims arise from a series of interlocked transactions and that the claims against Autotrol do not qualify as separate and independent claims or causes of action under the Supreme Court's formulation. The complaint consists of several state claims alleging, *inter alia*, that KGB & W is liable for all the failures of the equipment or services provided by each of the other defendants due to KGB & W's faulty design and negligent engineering services. The plaintiff contends that KGB & W and Autotrol are responsible for the

---

**1.** 28 U.S.C. § 1441(c) provides:

"(c) Whenever a separate and independant claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

failure of the rotating biological contractors to function properly. The plaintiff further contends that KGB & W, ASR and Leopold are responsible for the problems with the secondary clarifiers and other improvements. There are also claims against Autotrol for the failure of the rotating biological contractors and claims against Leopold concerning the secondary clarifiers. There are claims against ASR related to the problems with the secondary clarifiers and other improvements. It is alleged that the acts of all of the defendants have caused and continue to cause the plant as a whole to malfunction. The claims against the non-resident defendants are interrelated with the City's allegations against KGB & W. The City's claims against KGB & W are not removable under § 1446(c) because they are based solely in state law, and both KGB & W and the plaintiff are citizens of the same state. All of the City's remaining claims are inextricably intertwined with the City's nonremoval claims against KGB & W. Accordingly, it is

ORDERED that the Plaintiff's Motion to Remand is GRANTED and this civil action is remanded to the Circuit Court of Monongalia County, West Virginia. 28 U.S.C. § 1447(c). The Clerk is directed to provide a certified copy of this Order to the Clerk of the Circuit Court of Monongalia County.

As to the portion of the Motion to Remand requesting the award of costs, including attorneys fees, it is

ORDERED that this request is DENIED.