**Roger L. SPENCE, Plaintiff,**

v.

**William E. SAUNDERS and Horace Mann Insurance Company, and Lancer Insurance Company, Defendants.**

Civ. A. No. 1:90–0575.

United States District Court,
S.D. West Virginia.

Feb. 20, 1992.

Lane O. Austin, Sanders, Austin, Swope & Flanigan, Princeton, W.Va., for plaintiff Spence.

C. William Davis, Richardson, Kemper, Hancock & Davis, Bluefield, W.Va., for William E. Saunders and Horace Mann Ins. Co.

David M. Kersey, Brewster, Morhouse & Cameron, Bluefield, W.Va., for defendant Lancer Ins. Co.

## MEMORANDUM OPINION AND ORDER

FABER, District Judge.

This case raises a question of federal jurisdiction under 28 U.S.C. § 1441(c) as that statute existed in June 1990, prior to its most recent amendment. The court, finding that it lacks jurisdiction, is compelled to remand this action to the Circuit Court of Mercer County.

The plaintiff, Roger L. Spence, a citizen and resident of West Virginia, brought this action in state court for injuries he sustained while riding as a passenger in one of the fleet vehicles owned by Brown's Limousine Crew Car, Inc. William E. Saunders, the alleged tortfeasor and original defendant, is also a citizen and resident of West Virginia.

Subsequently, plaintiff amended his complaint to add as additional defendants Horace Mann Insurance Company and Lancer Insurance Company, neither of which is a citizen or resident of West Virginia. The amended complaint charges that Horace Mann, plaintiff's own insurer, failed to provide in its policies an option requiring it to compensate plaintiff for damages caused by an underinsured motorist; plaintiff seeks an order requiring Horace Mann to provide underinsured motorist coverage "covering the injuries and damages sustained by the plaintiff as a result of the automobile collision at issue in this litigation" and permitting "stacking" of the underinsured motorist and medical payments coverages of the policies. Against Lancer, plaintiff seeks a judgment that it is entitled to "stack" benefits payable under Lancer's fleet policy with Brown's Limousine Car Crew, in order to enlarge the pool of insurance proceeds potentially available to compensate plaintiff for his injuries and damages sustained "as a result of the automobile collision at issue in this litigation." From the language of plaintiff's complaint it is clear that he seeks from all three defendants compensation for injuries and damages sustained in that single automobile accident which precipitated this civil action.

On June 11, 1990, Lancer, with the consent of Horace Mann, removed this action to federal court. The sole basis for federal jurisdiction is the diverse citizenship between the plaintiff, on one hand, and the two insurance companies, on the other. The rule of complete diversity, established in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), and generally adhered to ever since, would normally defeat federal jurisdiction in this case because the plaintiff and the original defendant are both citizens of West Virginia. Lancer seeks to evade the rule of complete diversity through the narrow exception contained in 28 U.S.C. § 1441(c).

In December 1990, 28 U.S.C. § 1441(c) was amended so that it no longer applies to diversity cases. When this case was removed, however, section 1441(c) read as follows: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed...."

In its removal petition, Lancer contended that plaintiff's cause of action against Lancer, set out in Count III of the Amended Complaint, constituted "a separate and independent claim or cause of action, not involving the co-defendant William E. Saunders, and would be removable if sued upon alone as set forth in 28 U.S.C.S. § 1441(c)." The court cannot agree with this contention.

Relevant judicial construction of section 1441(c) begins with *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). There, the Supreme Court, in considering an amendment which had placed the "separate and independent" language in section 1441(c), found the purpose of that amendment to be to restrict the right of removal. The Court said that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540. Professor Wright points out that, since the *Finn* decision, only a small number of cases have been successfully removed under section 1441(c); in any case in which there has been a proper joinder to begin with, he suggests, there is "just the kind of relation" that bars resort to section 1441(c) under the *Finn* rationale. Wright, *Federal Courts*, 4th ed., § 39.

*Bull v. Greenwood*, 610 F.Supp. 874 (W.D.Ark.1985), illustrates the operation of this principle in a case similar on its facts to the case at bar. There, the court held that plaintiffs' claim against an uninsured motorist carrier for breach of contract and bad-faith withholding of payment was not separate and distinct from their underlying claim against the other driver in an automobile accident. *See also, City of Morgantown v. Kelley, Gidley, Blair & Wolfe*, 637 F.Supp. 1153 (N.D.W.Va.1986). In his case against each of the three defendants named in this civil action, the plaintiff is seeking compensation for injuries sustained in a single automobile accident; as in *Bull v. Greenwood*, the potential liability of the insurance carrier was "triggered" by the underlying accident. In the absence of that accident the plaintiff would certainly have no claim against Lancer. Against

Horace Mann, plaintiff could conceivably have a claim for declaratory relief on his policies, but his claim as pleaded seeks to recover damages for injuries sustained in the underlying accident. Accordingly, neither claim can meet the separate and independent test of the *Finn* case.

The parties have offered the court an agreed order dismissing Lancer from this case on the principle of *res judicata* since the "stacking" question presented has apparently been resolved in the related case of *Lancer Insurance Co. v. Connelly*, Civil Action No. 1:89–1064 (S.D.W.Va.1992). The court is also informed that the instant case has been settled. The court must refrain, however, from entering any final order. Because it lacks subject matter jurisdiction, any such order would be vulnerable to attack as a void judgment. It is the duty of the Court to see to it that its jurisdiction is not exceeded; and this duty, when necessary, the Court should perform on its own motion. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

Accordingly, this case is remanded to the Circuit Court of Mercer County. There the parties, if they choose, may seek to implement their settlement in further proceedings which rest within the discretion of that Honorable Court.

IT IS SO ORDERED.